**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| GEORGE ESPINAL, | : | **Hon. Robert B. Kugler** |
| Petitioner, | : | Civil No. 06-0426 (RBK) |
| v. | : | |
| SAMUELS, | : | **OPINION** |
| Respondent. | : | |

**APPEARANCES**:

    GEORGE ESPINAL, #29798-054
    F.C.I. Fort Dix
    Unit 5702, P.O. Box 2000
    Fort Dix, New Jersey  08640
    Petitioner Pro Se

**KUGLER**, District Judge

    George Espinal filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 challenging his federal sentence as unconstitutional under Apprendi v. New Jersey, 530 U.S. 466 (2000) and United States v. Booker, 543 U.S. 220 (2005).  Having thoroughly reviewed Petitioner's submissions, this Court dismisses the Petition for lack of jurisdiction.

**I.   BACKGROUND**

    Petitioner challenges a 300-month sentence filed in the United States District Court for the Southern District of New York on April 29, 1992, for racketeering and other crimes. See United States v. Espinal, Crim. No. 91-310 (S.D.N.Y. filed

March 26, 1991). The Second Circuit Court of Appeals affirmed the conviction in 1993. Petitioner thereafter filed a § 2255 motions to vacate which the sentencing court denied on October 31, 1994. See Espinal v. United States, Civil No. 94-3552 (S.D.N.Y. filed May 16, 1994). The Second Circuit affirmed the order of the district court on November 22, 1995, and denied Petitioner's motions to file a successive § 2255 motion on August 25, 2003, November 18, 2004, and December 28, 2004. Id.

Petitioner, who is now incarcerated at F.C.I. Fort Dix in New Jersey, filed this Petition under 28 U.S.C. § 2241 challenging his sentence as unconstitutional.

## II.  DISCUSSION

A.  Jurisdiction

Section 2241 of Title 28 of the United States Code provides in relevant part:

> (c) The writ of habeas corpus shall not extend to a prisoner unless- . . . He is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2241(c)(3).

As a result of the practical difficulties encountered in hearing a challenge to a federal sentence in the district of confinement rather than the district of sentence, in its 1948 revision of the Judicial Code, Congress established a procedure whereby a federal prisoner might collaterally attack his sentence in the sentencing court. See 28 U.S.C. § 2255; Davis v. United

States, 417 U.S. 333, 343-44 (1974); United States v. Hayman, 342 U.S. 205, 219 (1952).  Section 2255 provides in relevant part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255, ¶ 1.

Generally, a challenge to the validity of a federal conviction or sentence must be brought under 28 U.S.C. § 2255. Davis v. United States, 417 U.S. 333 (1974); Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002).  This is because § 2255 expressly prohibits a district court from entertaining a challenge to a prisoner's federal sentence under § 2241 unless the remedy under § 2255 is "inadequate or ineffective" to test the legality of the petitioner's detention.[1]  See 28 U.S.C. § 2255.  Specifically, paragraph five of § 2255 provides:

> An application for a writ of habeas corpus [pursuant to 28 U.S.C. § 2241] in behalf of a prisoner who is authorized to apply for

---

[1] The "inadequate or ineffective" language was necessary because the Supreme Court held that "the substitution of a collateral remedy which is neither inadequate nor ineffective to test the legality of a person's detention does not constitute a suspension of the writ of habeas corpus."  Swain v. Pressley, 430 U.S. 372, 381 (1977).

3

> relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255, ¶ 5; see <u>Cradle v. U.S. ex rel. Miner</u>, 290 F.3d 536 (3d Cir. 2002); <u>In re Dorsainvil</u>, 119 F.3d 245, 251 (3d Cir. 1997); <u>Millan-Diaz v. Parker</u>, 444 F.2d 95 (3d Cir. 1971); <u>Application of Galante</u>, 437 F.2d 1164 (3d Cir. 1971) (per curiam); <u>United States ex rel. Leguillou v. Davis</u>, 212 F.2d 681, 684 (3d Cir. 1954).

A § 2255 motion is inadequate or ineffective, authorizing resort to § 2241, "only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." <u>Cradle</u>, 290 F.3d at 538. "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." <u>Id.</u> "Section 2255 is not 'inadequate or ineffective' merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255. The provision exists to ensure that petitioners have a fair opportunity to seek collateral relief, not to enable them to evade procedural requirements." <u>Id.</u> at 539.

In In re Dorsainvil, 119 F.3d at 251, the Third Circuit applied the "inadequate or ineffective" test to a § 2241 claim challenging a sentence on the basis of a change of substantive law that occurred after Dorsainvil's first § 2255 motion was decided.[2]  The Third Circuit first determined that Dorsainvil could not raise the Bailey claim in a successive § 2255 motion because the AEDPA restricted successive § 2255 motions to constitutional claims.  However, the court held that, in this narrow situation where Dorsainvil had no other opportunity to raise the claim, § 2255 was inadequate and ineffective.  The Court reasoned:

> Dorsainvil does not have and, because of the circumstances that he was convicted for a violation of § 924(c)(1) before the Bailey decision, never had an opportunity to challenge his conviction as inconsistent with the Supreme Court's interpretation of § 924(c)(1).  If, as the Supreme Court stated in [Davis v. United States, 417 U.S. 333 (1974)], it is a "complete miscarriage of justice" to punish a defendant for an act that the law does not make criminal, thereby warranting resort to the collateral remedy

---

[2] Dorsainvil claimed that he was actually innocent of "use of a firearm" after the Supreme Court held in Bailey v. United States, 516 U.S. 137 (1995), that the crime, "use of a firearm," does not reach certain conduct.  The Supreme Court later ruled that the court's interpretation of the statute in Bailey applied retroactively under § 2255 to convictions that were final.  See " Bousley v. United States, 523 U.S. 614 (1998).  "[D]ecisions of [the Supreme Court] holding that a substantive federal criminal statute does not reach certain conduct . . . necessarily carry a significant risk that a defendant stands convicted of 'an act that the law does not make criminal.'"  Id. at 620 (1998) (quoting Davis v. United States, 417 U.S. 333, 346 (1974)).

5

>       afforded by § 2255, it must follow that it is
>       the same "complete miscarriage of justice"
>       when the AEDPA amendment to § 2255 makes that
>       collateral remedy unavailable.  In that
>       unusual circumstance, the remedy afforded by
>       § 2255 is "inadequate or ineffective" to test
>       the legality of [Dorsainvil's] detention.

Dorsainvil, 119 F.3d at 251 (quoting Davis v. United States, 417 U.S. 333, 346-47 (1974)).

The Third Circuit emphasized the narrowness of its holding:

>       We do not suggest that § 2255 would be
>       "inadequate or ineffective" so as to enable a
>       second petitioner to invoke § 2241 merely
>       because that petitioner is unable to meet the
>       stringent gatekeeping requirements of the
>       amended § 2255.  Such a holding would
>       effectively eviscerate Congress's intent in
>       amending § 2255.  **However, allowing someone
>       in Dorsainvil's unusual position - that of a
>       prisoner who had no earlier opportunity to
>       challenge his conviction for a crime that an
>       intervening change in substantive law may
>       negate, even when the government concedes
>       that such a change should be applied
>       retroactively - is hardly likely to undermine
>       the gatekeeping provisions of § 2255.**

Dorsainvil at 251 (emphasis added).[3]

---

[3] Several courts of appeals have adopted similar tests. See, e.g., Reyes-Requena v. United States, 243 F.3d 893, 904 (5th Cir. 2001) ("We therefore hold that the savings clause of § 2255 applies to a claim (i) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion"); In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000) (§ 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of the circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's
(continued...)

Turning to the case at bar, Petitioner argues that his 300-month sentence is unconstitutional under Apprendi and Booker. It is clear that this claim is within the scope of claims that are cognizable under § 2255. Therefore, this Court lacks jurisdiction under § 2241 to entertain Petitioner's claim unless § 2255 is inadequate or ineffective for him to raise it.

Booker evolved from the Supreme Court's decision in Apprendi v. New Jersey, 530 U.S. 466 (2000).[4] In Apprendi, the Supreme

___

[3](...continued)
direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law"); Wofford v. Scott, 177 F.3d 1236, 1244 (11th Cir. 1999) ("The savings clause of § 2255 applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes that the prisoner was convicted of a nonexistent offense; and, 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion"); In re Davenport, 147 F.3d 605, 611 (7th Cir. 1998) ("A federal prisoner should be permitted to seek habeas corpus relief only if he had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed after his first 2255 motion"); Triestman v. United States, 124 F.3d 361 (2nd Cir. 1997); In re Hanserd, 123 F.3d 922 (6th Cir. 1997).

[4] The Booker Court traced the evolution of its holding from Apprendi and its progeny, Ring v. Arizona, 536 U.S. 584 (2002), and Blakely. In Ring, the Court held that imposition of the death penalty under Arizona law violated Apprendi because the trial judge determined the presence or absence of aggravating factors required by Arizona law for imposition of the death penalty. Ring, 536 U.S. at 602. In Blakely, the Court determined that application of Washington's sentencing guidelines violated the defendant's rights under Apprendi because "the
(continued...)

Court determined that Apprendi had a constitutional right to have a jury, rather than a judge, find bias because the finding was necessary to support an enhanced sentence under the New Jersey hate crimes law.  The Supreme Court reversed Apprendi's sentence pursuant to the principle that, "under the Due Process Clause of the Fifth Amendment and the notice and jury trial guarantees of the Sixth Amendment, any fact (other than prior conviction) that increases the maximum penalty for a crime must be charged in an indictment, submitted to a jury, and proven beyond a reasonable doubt."  Apprendi, 530 U.S. at 476 (quoting Jones, 526 U.S. at 243 n.6).  In Booker, the Supreme Court determined that, for reasons explained in Apprendi, Ring v. Arizona, 536 U.S. 584 (2002), and Blakely v. Washington, 542 U.S. 296 (2004), application of the Federal Sentencing Guidelines violated the Sixth Amendment because the guidelines required the judge to enhance the sentence based on the judge's determination of facts that were not found by the jury or admitted by defendant.

     Petitioner is correct that Apprendi and Booker are changes of law announced after Petitioner's conviction became final and after his first § 2255 motion was decided.  Petitioner is also correct that he cannot raise the Apprendi/Booker claim in a

---

⁴(...continued)
'statutory maximum' for Apprendi purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant*."  Blakely, 124 S.Ct. at 2537 (emphasis in original).

successive § 2255 motion because Apprendi/Booker has not been made retroactive to cases on collateral review by the Supreme Court.[5] See In re Olopade, 403 F.3d 159 (3d Cir. 2005); see also Tyler v. Cain, 533 U.S. 656 (2001); In re Turner, 267 F.3d 225 (3d Cir. 2001). However, it does not follow that § 2255 is an inadequate or ineffective procedural mechanism for Petitioner to raise his claim.

Section 2255 is not inadequate or ineffective "merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." In re Cradle, 290 F.3d at 539. Moreover, § 2255 is not inadequate or ineffective for a prisoner like Petitioner to raise a Booker claim, even where he had no earlier opportunity to raise the claim because Booker was not decided until after his conviction became final and his first § 2255 motion was decided. See Okereke v. United States, 307 F.3d 117 (3d Cir. 2002). As the Third Circuit reasoned in Okereke:

---

[5] In 1996 Congress amended § 2255 to severely limit the filing of second or successive motions under § 2255. As amended, § 2255 prohibits a second or successive § 2255 motion unless the Court of Appeals having jurisdiction over the sentencing court certifies that (1) the motion is based on newly discovered evidence sufficient to establish that no reasonable factfinder would have found the movant guilty or (2) the motion pertains to a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. §§ 2255, ¶ 8.

> Unlike the intervening change in law in In re Dorsainvil that potentially made the crime for which that petitioner was convicted non-criminal, Apprendi dealt with sentencing and did not render conspiracy to import heroin, the crime for which Okereke was convicted, not criminal. Accordingly, under our In re Dorsainvil decision, § 2255 was not inadequate or ineffective for Okereke to raise his Apprendi argument.

Okereke, 307 F.3d at 120-21.

If § 2255 is not an inadequate or ineffective procedural mechanism for a prisoner who had no other opportunity to raise an Apprendi claim, Okereke, 307 F.3d at 120-21, it follows that it is not an inadequate or ineffective vehicle for a petitioner to raise a Booker claim. Like Apprendi, Booker deals with sentencing and does not decriminalize the conduct for which Petitioner was convicted. Accordingly, this Court lacks jurisdiction to entertain Petitioner's Booker claim under § 2241. See Silvestre v. Yost, 2005 WL 3196600 *2 (3d Cir. Nov. 30, 2005) (affirming dismissal of § 2241 petition for lack of jurisdiction because § 2255 is not inadequate or ineffective for Booker claim); Goldberg v. Bonaforte, 2005 WL 1491220 (3d Cir. June 24, 2005).

Even if this Court had jurisdiction to entertain Petitioner's claim, he could not prevail because the United States Court of Appeals for the Third Circuit has held that Booker does not apply retroactively to cases that became final on direct review prior to January 12, 2005, the date Booker issued.

See Warren v. Kyler, 422 F.3d 132 (3d Cir. 2005) (Booker is not applicable retroactively to cases on collateral review under § 2254); Lloyd v. United States, 407 F.3d 608 (3d Cir. 2005) (Booker does not apply retroactively under § 2255); see also Schriro v. Summerlin, 124 S.Ct. 2519 (2004) (because Ring is a new procedural rule, it does not apply retroactively under § 2255 to cases final on direct review)[6]; United States v. Jenkins, 333 F.3d 151, 154 (3d Cir. 2003) (Apprendi does not apply retroactively to first § 2255 motions because "[i]ts application affects only the enhancement of a defendant's sentence after he or she has already been convicted by proof beyond a reasonable doubt").  The Court dismisses the petition for lack of jurisdiction.

### III. CONCLUSION

The Court lacks jurisdiction to entertain them under § 2241 and dismisses the Petition.

S/Robert B. Kugler
ROBERT B. KUGLER, U.S.D.J.

Dated:    February 14   , 2006

---

[6] The Supreme Court reasoned that, because Ring "altered the range of permissible methods for determining whether a defendant's conduct is punishable by death, requiring that a jury rather than a judge find the essential facts bearing on punishment," it was a "prototypical procedural rule" that did not apply retroactively to cases already final on direct review. Schriro, 124 S.Ct. at 2523.